76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Terry D. OUTLAND, Plaintiff-Appellant,
v.
Michael A. NELSON and Gary Stotts, Defendants-Appellees.
 No. 95-3336.
 United States Court of Appeals, Tenth Circuit.
 Jan. 30, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff Terry D. Outland, appearing pro se, appeals the district court's grant of summary judgment for Defendants in Plaintiffs' 42 U.S.C.1983 civil rights action. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 2
 Plaintiff is an inmate at the El Dorado Correctional Facility ("ECF"), in El Dorado, Kansas. In April 1994, Plaintiff filed a 1983 action against Defendants Michael A. Nelson, Warden at ECF, and Gary Stotts, then Secretary of the Kansas Department of Corrections. Plaintiff alleged Defendants subjected him to cruel and unusual punishment, unlawfully discriminated against him, and violated his due process liberty rights. Specifically, Plaintiff maintained Defendants kept him in administrative segregation to prevent him from participating in programs necessary for his parole, including a Sexual Offender's Treatment Program ("SOTP").
 
 
 3
 The district court ordered Kansas Department of Corrections officials to prepare a Martinez report. After reviewing the Martinez report, Defendants filed a motion to dismiss Plaintiff's 1983 action, or, in the alternative, for summary judgment. The district court treated Defendants' motion as a motion for summary judgment and gave Plaintiff twenty days to respond. Plaintiff did not respond within the twenty-day period. The district court granted Defendants summary judgment.
 
 
 4
 The district court concluded, based on the Martinez report and the parties' pleadings, that: (1) ECF officials complied with Kansas Administrative Regulations and due process requirements in placing Plaintiff in administrative segregation; (2) Plaintiff had no liberty interest in remaining in general population or in receiving certain programs; (3) Plaintiff had not established a cruel and unusual punishment claim by merely stating that he had been denied certain programs; (4) ECF officials twice gave Plaintiff the opportunity to participate in a SOTP program, but Plaintiff refused; and (5) Plaintiff's discrimination claim was conclusory and incomprehensible.
 
 
 5
 Plaintiff filed a late reply to Defendants' motion for summary judgment. The district court treated the reply as a motion for reconsideration. The court denied the motion, concluding that Plaintiff presented no new evidence, but instead offered only conclusory statements to controvert Defendants' facts. This appeal followed.
 
 
 6
 On appeal, Plaintiff contends the district court erred by entering summary judgment in favor of Defendants. Specifically, Plaintiff maintains Defendants discriminated against him by denying him access to SOTP, work-release, pre-release, and educational release programs.[3] We have reviewed Plaintiff's brief, the district court's orders, and the entire record on appeal. Based on our review of the record, we find no reversible error and affirm for substantially the same reasons set forth by the district court.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Plaintiff also contends Defendants violated a consent decree entered in Arney v. Hayden, et al., No. 77-3045 (D.Kan.) by denying him access to an SOTP program. Plaintiff did not timely raise this issue before the district court. As a result, the district court did not rule on the issue. We therefore do not address this issue. Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1285 (10th Cir.1988) (claim raised for first time in motion for reconsideration and not ruled on by district court not addressed by court of appeals)